# United States District Court
# Central District of California

AZADWINDER SINGH,

    Petitioner,

    v.

DAVID MARIN et al.,

    Respondents.

Case № 5:26-cv-00643-ODW (DFMx)

**ORDER GRANTING PRELIMINARY INJUNCTION**

## I. INTRODUCTION

Petitioner Azadwinder Singh brings a petition for a writ of habeas corpus against Respondents David Marin, Warden of Adelanto Processing Center, Immigration and Customs Enforcement ("ICE"); Ernesto Santacruz, Jr., Acting Director of ICE Los Angeles Field Office; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of U.S. Department of Homeland Security ("DHS"); and Pamela Bondi, U.S. Attorney General. (Pet. ¶¶ 37–43, Dkt. No. 1.) On February 13, 2026, the Court granted Singh's application for a temporary restraining order and ordered Respondents to show cause why the Court should not issue a preliminary injunction. (Order Grant TRO ("TRO Order"), Dkt. No. 5.) On February 27, 2026, the Court heard arguments from both parties. (Mins., Dkt. No. 9.) For the reasons discussed below, the Court **GRANTS** the preliminary injunction.

## II. BACKGROUND

The Court incorporates by reference the factual background in the Court's Order Granting TRO. *Singh v. Marin*, No. 5:26-cv-00643-ODW (DFMx), 2026 WL 431142, at *1 (C.D. Cal. Feb. 13, 2026); (TRO Order 1).

On February 12, 2026, Singh filed a Petition for Writ of Habeas Corpus on the grounds that his re-detention violates his Fifth Amendment right to due process. (Pet. ¶¶ 44–48.) That same day, Singh filed an Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 3.) Respondents failed to timely oppose.

On February 13, 2026, the Court granted Singh's TRO. (TRO Order 1.) The Court ordered Respondents to immediately release Singh and enjoined Respondents from re-detaining Singh absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice and a hearing. (*Id.* at 10.) The Court further ordered that, at any such pre-deprivation hearing, Respondents shall bear the burden of establishing that Singh poses a risk of flight or danger to the community. (*Id.*) The Court also ordered the parties to show cause why the Court should not issue a preliminary injunction in this case. (*Id.*) On February 20, 2026, Respondents filed their response to the Court's order to show cause. (OSC Resp. ("Resp."), Dkt. No. 7.) On February 24, 2026, Petitioner filed his reply. (OSC Reply ("Reply"), Dkt. No. 8.) On February 27, 2026, the Court held a hearing on whether to issue a preliminary injunction and heard arguments from both parties. (Mins.)

## III. LEGAL STANDARD

A court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, the plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm if the preliminary relief is not granted; (3) that the balance of equities tips in his favor; and 4) that the injunction is in the public interest (the "*Winter* factors"). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The burden of demonstrating the need for a preliminary injunction rests with the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994). The moving party must meet this burden with a "clear showing" that the preliminary injunction is warranted. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003).

## IV.   DISCUSSION

In their Response, Respondents argue only that this action is moot because Respondents have "already released" Singh, so "there is no further relief for this Court to provide." (Resp. 1.)

### A.   Mootness

Respondents argue that Singh's release from ICE detention moots the requested preliminary injunction. (*Id.*) Respondents contend that Singh has "already obtained the complete relief sought in the Petition over which this Court has jurisdiction." (*Id.*) Singh argues that "Respondents would be free to re-detain [Singh] under the same unlawful policy once the TRO expires, forcing him into a cycle of detention-litigation-release that undermines judicial review." (Reply 5.)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). For example, a "case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). However, a "defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Id.* at 174. Thus, defendants bear the "heavy" burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

Respondents have not demonstrated that "there is no reasonable expectation that the wrong will be repeated." *Id.* Respondents do not attempt to even discuss whether there is a likelihood that they will re-detain Singh. (*See generally* Resp.) Rather than attempting to demonstrate that they will not repeat the wrong perpetrated here, Respondents merely argue that Singh's release automatically moots the preliminary injunction request and his habeas petition. (Resp. 2.) However, as the Supreme Court held in *Nielsen v. Preap*, habeas actions are not moot simply because the government released a plaintiff when ordered to do so. 586 U.S. 392, 403 (2019). The Court reasoned that "[u]nless [a] preliminary injunction was made permanent . . . these individuals faced the threat of re-arrest and mandatory detention." *Id.* The same is true here. Once the TRO expires and absent a preliminary injunction, Singh faces the continued "threat of re-arrest and mandatory detention." *See id.* Respondents fail to even attempt to rebut this threat exists. (*See generally* Resp.) This continued threat of re-detention necessarily means that the issue of Singh's entitlement to freedom from re-detention absent compliance with due process—one of Singh's requested remedies—is still "live" and in controversy. *Powell*, 395 U.S. at 496; (TRO 2).

The Court considered Respondents' new argument raised during the preliminary injunction hearing and finds it unpersuasive. Respondents argue that Petitioner's request that he be released from custody is at the core of Petitioner's habeas corpus relief. In their view, because Petitioner was granted this relief when he was released from custody, he cannot show a likelihood of future harm to obtain prospective relief in the form of a preliminary injunction. Respondents are mistaken. "[T]here is no reason prospective injunctive relief must always be premised on a realistic threat of a similar injury recurring. A sufficiently concrete prospective injury is sufficient." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 972 n.7 (9th Cir. 2018). In any event, as discussed below, Singh has shown "a sufficient likelihood that he will again be wronged in a similar way." *Id.* at 967. The burden was on Respondents to prove it is "absolutely clear that the allegedly wrongful behavior could

not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 170. As Respondents fail to make this showing, they fail to meet their heavy burden. *See NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1353 n.6 (9th Cir. 1984) (finding lack of mootness in part because the defendant "made no such showing" that they will refrain from repeating the wrong).

For these reasons, the Court finds that Respondents have failed to demonstrate that they will not repeat the wrong. Accordingly, the Court finds that Singh's request for a preliminary injunction is not moot.

### B. *Winter* Factors

Respondents fail to address the merits of Singh's request for a preliminary injunction. (*See generally* Resp.) The Court deems Respondents' failure to address the merits of Singh's request for a preliminary injunction as their concession that a preliminary injunction should issue. *See Min v. Santacruz*, No. 2:25-cv-10971-MEMF (ASx), 2025 WL 3764071, at *1 (C.D. Cal. Dec. 23, 2025) (finding that the government's failure to address the *Winter* factors as a concession that a preliminary injunction should issue if the court did not find mootness).

Even considering the merits and forced to rely on the TRO briefing in this matter, the Court finds that a preliminary injunction should issue for substantially the same reasons why the Court granted Singh's TRO. *See Baltazar v. Noem*, No. 5:26-cv-00015-MWF (MBKx), 2026 WL 413527, at *3 (C.D. Cal. Jan. 30, 2026) ("Because Respondents failed to substantively respond to whether a Preliminary Injunction should issue, the Court relies solely on the briefing provided in connection with the Motion for Temporary Restraining Order.").

First, Singh has shown a likelihood of success on his claim that his re-detention and revocation of his parole without notice and a pre-deprivation hearing violate his procedural due process rights. Specifically, when Singh was released from his initial detention, he acquired a liberty interest which entitles him to due process. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has

repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). Singh "first acquired a protectable liberty interest on November 18, 2023, when Respondents released him on parole." (TRO Order 7.) Thus, Singh "retained a protectable interest in his continued liberty so long as no material change rendered him a flight risk or danger to the public and he complied with his release conditions." (*Id.* at 8.) Respondents released Singh on parole after determining that he posed neither risk. (Pet. ¶ 9.) By re-detaining Singh and revoking his parole "without first evaluating whether circumstances had changed, Respondents created a substantial risk of wrongful deprivation." (TRO Order 8.) Respondents have offered no evidence that affording Singh notice and a pre-detention hearing would impose an undue administrative or financial burden. Thus, Singh has shown a likelihood of success on the merits of his due process claim. (*Id.*)

Second, Singh has suffered, and continues to suffer, serious medical conditions. (*Id.* at 9.) If Respondents re-detained Singh without due process, "these conditions will only worsen because Respondents are unable, or unwilling, to provide Petitioner with the medical care that he require." (*Id.*) Thus, every minute Singh spends in unlawful detention would be another minute of irreparable harm to him. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention"). Finally, for the same reasons the Court previously noted, the balance of equities and the public interest tips sharply in Singh's favor. (TRO Order 9–10.) "[I]t is clear that it would not be equitable or in the public's interest" to allow the government "to violate the requirements of federal law." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). Respondents suffer no "legally cognizable" harm by being forced to follow the Constitution, whereas Singh, and other similarly situated petitioners, stand to lose their right to freedom. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983); *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the preliminary injunction. For the duration of this habeas action, the Court **ENJOINS** Respondents from re-detaining Singh absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice and a hearing. At any such hearing, Respondents shall bear the burden of establishing that Singh poses a risk of flight or danger to the community.

**IT IS SO ORDERED.**

February 27, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**